IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

----

UNITED STATES OF AMERICA,           No.  CR.S-07-0248 WBS

    Plaintiff,

  v.                                ORDER RE DEFENSE MOTIONS
                                    FOR DISCOVERY AND RELEASE
EDWARD FUENTES, et al.,             OF BRADY MATERIAL

    Defendants.

_____/

**INTRODUCTION**

On March 19, 2010, this matter came before the undersigned for hearing on the defendants' motions for discovery and for release of Brady material. All defendants joined in those motions. Attorney John Balazs, appearing on behalf of defendant Edward Fuentes, and Attorney Peter Kmeto, appearing on behalf of defendant Larry Amara, argued the discovery motion on behalf of all defendants. Attorney Joseph Wiseman appeared on behalf of defendant Caracheo and argued the Brady motion on behalf of all defendants. Assistant United States Attorneys Jason Hitt and William Wong appeared on behalf of the

government.  For the reasons set forth below, the motions are granted in part and denied in part.

**ANALYSIS**

**I.    Rule 16 Discovery Motion**

By this motion, defendants seek production of discovery materials that have allegedly been omitted from the otherwise voluminous pretrial discovery provided to date in this case.  For the reasons explained in detail on the record at the hearing on the motion, the court ruled as follows with respect to the defendants specific discovery requests.

A1 - Missing Wiretap Intercepted Call Recordings:  Based on the government's representations that all such recordings have been produced, the motion is denied.

A2 - "Voice Box" Data: Because the defendants have not made a sufficient showing of materiality with respect to the requested data, this request is denied without prejudice to a renewed discovery request based upon a showing of the materiality of the requested data to the defense of the case.

B - Pen Register Record: Following a lengthy discussion, the government agreed to provide all of the requested raw data for telephone numbers 831-240-2206 and 831-970-9534 for the period from May 4, 2006 through January 17, 2007.  This discovery will be provided to the defense within two weeks of the hearing date.

C - Evidence From December 5, 2009 Cell Searches:  Due to additional discovery provide by the government to the defense shortly before the hearing on the discovery motion, this discovery request was

2

withdrawn pending review of the latest discovery materials by the defense.

    D - Gang Affiliation Evidence: Denied as effectively covered by the assigned district judge's order regarding expert disclosure prior to trial.

    E1 - January 19, 2007 Recording: This request was withdrawn when defense counsel learned that all but one version of the discovery provided by the government to the defense included this recording.

    E2 - Copy of Roster of Stockton Gang Members Given to Officer Rocha: The government represented that it possessed no such item. Based on that representation, the request was denied. In addition, the court denied the defense request that the government confirm or deny that Officer Rocha was ever given such a roster.

    E3 - Color Digital Copies of All Photos Provided in Discovery: Following discussion, the government offered to have defense counsel review the government's copies of all photographs produced in discovery and, if the government's photos were of higher quality than those produced in discovery, arrange for copies of those photographs to be produced to the defense. Defense counsel accepted this resolution with respect to this discovery request.

**II.  Brady/Giglio Discovery Motion**

    Through this motion the defense seeks pretrial production, within sixty days of the hearing on the motion, of fifteen specific categories of evidence related to all government witnesses to be called at the trial of this matter including their prior criminal records, written or oral statements made by such witnesses that are

3

1 favorable to any defendant, the identification of any witness
2 favorable to any defendant and a vast array of potential impeachment
3 evidence.  In support of their position that they are entitled to pre-
4 trial disclosure of the requested materials the defendants rely in
5 large part on the recent decision in United States v. Sablan, No.
6 1:08-cr-0259 OWW, 2009 WL 3379011, *3 (E.D. Cal. Oct. 15, 2009).

7       In response, the government indicates that it recognizes its
8 obligation to disclose any impeachment materials with respect to
9 government witness (including consideration for testimony,
10 inconsistent statements, potentially admissible prior bad acts and
11 convictions).  The government contends, however, that earlier
12 disclosure of such materials cannot be compelled under the Jencks Act.
13 The government argues that the defense motion in this regard is merely
14 a thinly-veiled attempt to discover the identities of the government's
15 informant witnesses prior to trial.

16       As indicated by the undersigned at the hearing, pure Brady
17 material must normally be produced to the defense upon its discovery.
18 It is difficult to contemplate a situation under which such purely
19 exculpatory Brady material would properly be withheld until after
20 commencement of trial.  If the government comes into possession of
21 purely exculpatory Brady material prior to trial and believes that
22 withholding of the information from the defense is appropriate, the
23 government may seek in camera review by the court.  Failing to do so,
24 the government proceeds at its own risk.

25       On the other hand, it has often been found that Giglio
26 material with respect to the government's witnesses need not be

produced prior to the witness testifying.  See <u>United States v. Rinn</u>, 586 F.2d 113, 118-119 (9th Cir. 1978) (declining to reach the issue of whether the Government has an obligation to provide a defendant with the criminal records of the Government's intended witnesses "because it is manifest from the trial record before us that the entire criminal record of [the witness] was supplied by the Government and known to the Defense in adequate time to fully and extensively cross-examine . . . .")  The government's position on the issue of the timing of such discovery appears to be well-taken in that under 18 U.S.C. § 3500 the court also cannot enter an order requiring early disclosure of Jencks Act material.  See <u>United States v. Alvarez</u>, 358 F.3d 1194, 1211 (9th Cir. 2004)("When the defense seeks evidence which qualifies as both Jencks Act and Brady material, the Jencks Act standards control.")(quoting <u>United States v. Jones</u>, 612 F.2d 453, 455 (9th Cir. 1979))[1]; <u>United States v. Hoffman</u>, 794 F.2d 1429, 1433 (9th Cir. 1986); <u>Rinn</u>, 586 F.2d at 119; <u>United States v. Laurins</u>, 660 F. Supp. 1579, 1584 (N.D. Cal. 1987)("[C]riminal records of government witnesses, favors and deals given to government witnesses, and grants of immunity given to government witnesses are exculpatory. [citation omitted] However, the government need not disclose this material prior to the direct examination of the relevant witness."); <u>see</u> <u>also</u> Fed. R. Crim. P. 16(a)(2).

       The undersigned acknowledges that U.S. District Court Judge Oliver W. Wanger has recently ordered in a particular case that

---

[1] Other courts have reached this same conclusion.  See <u>United States v. Davis</u>, 306 F.3d 398, 421 (6th Cir. 2002).

5

evidence in the government's possession which might tend to impeach a government witness, must be disclosed to the defense prior to trial. United States v. Sablan, No. 1:08-cr-0259 OWW, 2009 WL 3379011, *3 (E.D. Cal. Oct. 15, 2009).  However, the undersigned is persuaded by the weight of authority which provides that Giglio material need only be disclosed by the government in time for its effective use at trial and that a determination as to whether disclosure of such material has been timely can often best be made only after the fact and following consideration of the material produced.  Thus, in United States v. Coppa, 267 F.3d 132 (2d Cir. 2001), the court found that the district court had exceeded it's authority in requiring pretrial disclosure of all impeachment materials such as those sought here by the defendants. 267 F.3d at 146 ("[A]s a general rule, Brady and its progeny do not require immediate disclosure of all exculpatory and impeachment material upon request by the defendant."); see also United States v. Fennell, 496 F. Supp. 2d 279, 284 (S.D.N.Y. 2007) ("[T]he government is only required to produce Giglio material 'in time for the effective use at trial'"); United States v. Telfair, No. 08-CR-0757 (DMC), 2008 WL 5188846, *6 (D.N.J. Dec. 10, 2008)("Giglio materials need not be disclosed pre-trial . . . ."); United States v. Considine, No. 95 CR 50056,  1996 WL 210126, *2 (N.D. Ill. Apr. 29, 1996)("Generally, there is no right to pretrial discovery of impeachment evidence.").

     Accordingly, the government will be ordered to provide all Giglio and other impeachment evidence with respect to the witnesses it intends to call at trial in time for its effective use at trial in light of the nature of the materials being produced.  See Coppa, 267

1  F.3d at 140-46.[2]

**CONCLUSION**

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. The defendants' motion for discovery (Doc. No. 525) is granted in part and denied in part; and

2. The defendants motion for release of Brady material (Doc. No. 528) is granted in part and denied in part.

DATED: April 22, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD1.crim.
fuentes.0248.discovery.oah031910

---

[2] The undersigned suggested to counsel at the hearing that the issue of the timing of production of Jencks Act and Giglio materials is one well-suited for discussion with the trial judge. The undersigned also noted that it is the practice of some trial judges to advise the government that if impeachment and Jencks Act materials are withheld until direct examination of the witnesses and the defense makes a credible request for a continuance in light of the nature of the materials produced at that late hour, that the court intends to grant a continuance and advise the jury why it is necessary to do so. In this and other ways, courts have long encouraged disclosure of impeachment materials at the earliest time allowed by the circumstances presented in each particular case in order to ensure the orderly functioning of the trial while at the same time protecting the legitimate interests of all parties. See Coppa, 267 F.3d at 146, n. 12.